UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MATTHEW D. SCOTT,

    Plaintiff,

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

    Defendant.

NO.  CV-12-5080-RHW

**ORDER GRANTING
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT;
DENYING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 22, and Defendant's Motion for Summary Judgment, ECF No. 26. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Benjamin Groebner.

**I.     Jurisdiction**

Plaintiff received supplemental security income benefits based on disability as a child. His eligibility for SSI benefits was redetermined as a result of his attaining the age of 18. On January 31, 2008, it was determined that he was no longer disabled as of January 1, 2008. This determination was upheld upon reconsideration.

Plaintiff filed a written request for hearing on September 24, 2008.  A hearing was held on May 19, 2010, in which Plaintiff and other witnesses, presumably his parents, testified. The ALJ ordered additional examinations and held a supplemental hearing on September 28, 2010. Plaintiff appeared

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 1

1  telephonically and testified at that hearing, which was held in Sacramento,

2  California. Plaintiff was not represented at the hearing. Bonnie Drumwright, a

3  vocational expert, also appeared at the hearing. The ALJ concluded that Plaintiff's

4  disability ended on January 1, 2008.

5      Plaintiff requested review by the Appeals Council, which was denied on

6  April 12, 2012. The Appeals Council's denial of review makes the ALJ's decision

7  the final decision of the Commissioner. 42 U.S.C. §405(h). Plaintiff timely filed an

8  appeal with the U.S. District Court for the Eastern District of Washington on June

9  15, 2012. The instant matter is before the district court pursuant to 42 U.S.C. §

10  405(g).

11  **II.    Sequential Evaluation Process**

12      In situations where an individual's disability decision is redetermined, the

13  definition of disability used for adults who file new applications for supplemental

14  security income benefits based on disability is applied. 42 U.S.C. §

15  1382c(a)(3)(H)(iii).

16      The Social Security Act defines disability as the "inability to engage in any

17  substantial gainful activity by reason of any medically determinable physical or

18  mental impairment which can be expected to result in death or which has lasted or

19  can be expected to last for a continuous period of not less than twelve months."

20  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be

21  under a disability only if his impairments are of such severity that the claimant is

22  not only unable to do his previous work, but cannot, considering claimant's age,

23  education and work experiences, engage in any other substantial gainful work

24  which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

25      The Commissioner has established a five-step sequential evaluation process

26  for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a)(4),

27  416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

28      Step 1: The first step is not used for redetermining disability at age 18. 20

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 2

1  C.F.R. § 416.987(b).

2       Step 2: Does the claimant have a medically-severe impairment or

3  combination of impairments? 20 C.F.R. §§ 404.1520(c), 416.920(c). If the

4  claimant does not have a severe impairment or combination of impairments, the

5  disability claim is denied. A severe impairment is one that lasted or must be

6  expected to last for at least 12 months and must be proven through objective

7  medical evidence. 20 C.F.R. §§ 404.1508-09, 416.908-09. If the impairment is

8  severe, the evaluation proceeds to the third step.

9       Step 3: Does the claimant's impairment meet or equal one of the listed

10  impairments acknowledged by the Commissioner to be so severe as to preclude

11  substantial gainful activity?  20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R.

12  § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed

13  impairments, the claimant is conclusively presumed to be disabled. *Id.*  If the

14  impairment is not one conclusively presumed to be disabling, the evaluation

15  proceeds to the fourth step.

16       Step 4: Does the impairment prevent the claimant from performing work he

17  has performed in the past?  20 C.F.R. §§ 404.1520(e), 416.920(e).  If the claimant

18  is able to perform his previous work, he is not disabled.  *Id.*  If the claimant cannot

19  perform this work, the ALJ proceeds to the fifth and final step.

20       Step 5: Is the claimant able to perform other work in the national economy

21  in view of his age, education, and work experience?  20 C.F.R. §§ 404.1520(f),

22  416.920(f).

23       The initial burden of proof rests upon the claimant to establish a prima facie

24  case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098

25  (9th Cir. 1999). This burden is met once a claimant establishes that a physical or

26  mental impairment prevents him from engaging in his previous occupation.  *Id*. At

27  step five, the burden shifts to the Commissioner to show that the claimant can

28  perform other substantial gainful activity.  *Id.*

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY**
**JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY**
**JUDGMENT** ~ 3

## III.    Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 .S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors  as long as they are immaterial to the ultimate non-disability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

## IV.    Statement of Facts

The facts have been presented in the administrative transcript and the ALJ's decision, and will only be summarized here.

Plaintiff was born premature and had a low birth rate. It was identified at an early age that Plaintiff had developmental delays. As a result, he received services from Head Start. Testing revealed low average to borderline abilities in terms of his intellectual skills.

He obtained a certificate of completion from his high school, not a diploma

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 4

1  because he was unable to pass the high school exit exam. His reading skills are

2  consistently assessed at a second or third grade level, and he struggles with math.

3  He was in special education and under an IEP throughout his entire school

4  experience.

5        At the time of the hearing, Plaintiff was 22. He lives with his parents, and he

6  has not engaged in any substantial employment. His hobbies include playing video

7  games.

8  **V.    The ALJ's findings**

9        At step two, the ALJ found Plaintiff had the following severe impairments:

10  chronic back pain and borderline intellectual functioning (Tr. 65.)

11        At step three, the ALJ found Plaintiff did not have an impairment or

12  combination of impairments that meets or medically equals one of the listed

13  impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 23.) The ALJ

14  considered whether Plaintiff met the listing for 12.05 (Intellectual Disability).

15        The ALJ found Plaintiff has the residual functional capacity[1] to perform

16  light work[2] as defined in 20 CFR 416.967(b), with the limitation that the work is

17

18      [1]"RFC is what an individual can still do despite his or her functional limitations

19  and restrictions caused by his or her medically determinable physical or mental

20  impairments. It is an administrative assessment of the extent to which an

21  individual's medically determinable impairment(s), including any related

22  symptoms, such as pain, may cause physical or mental limitations or restrictions

23  that may affect his or her capacity to perform work-related physical and mental

24  activities. . . RFC is the individual's maximum remaining ability to perform

25  sustained work on a regular and continuing basis: i.e. 8 hours a day, for 5 days a

26  week, or an equivalent work schedule. SSR96-6P.

27      [2]Light work involves lifting no more than 20 pounds at a time with frequent

28  lifting or carrying of objects weighing up to 10 pounds. Even though the weight

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5**

1   unskilled.[3]

2        At step four, the ALJ found Plaintiff did not have any past relevant work

3   experience.

4        At step five, the ALJ considered Plaintiff's age, education, work experience,

5   and residual functional capacity and found there are jobs that exist in significant

6   numbers in the national economy that Plaintiff can perform. Specifically, the ALJ

7   found that Plaintiff can perform the representative jobs of cleaner-housekeeper,

8   marker, and poultry dresser/tipper. (Tr. 69.)

9   **VI.    Issues for Review**

10       Plaintiff presents the following issues with respect to the ALJ's findings:

11       1.   Did the ALJ err in improperly rejecting the assessment of Dr. Richard

12  Palmer and the Plaintiff's own testimony?

13       2.  Did the ALJ err in finding that the Plaintiff's impairments did not meet

14  or equal listing 12.05C?

15       3.  Did the ALJ err in failing to meet the step five burden to identify specific

16  jobs, available in significant numbers, which Plaintiff could perform in light of his

17  specific limitations?

18  **VII.   Discussion**

19

20  lifted may be very little, a job is in this category when it requires a good deal of

21  walking or standing, or when it involves sitting most of the time with some

22  pushing and pulling of arm or leg controls. To be considered capable of

23  performing a full or wide range of light work, you must have the ability to do

24  substantially all of these activities. If someone can do light work, we determine

25  that he or she can also do sedentary work, unless there are additional limiting

26  factors such as loss of fine dexterity or inability to sit for long periods of time. 20

27  CFR 404.1567(b); 416.967(b).

28       [3]Unskilled is defined as:

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6**

1    "A claimant satisfies Listing 12.05C, demonstrating "intellectual disability"

2  and ending the five-step inquiry, if he can show: (1) subaverage intellectual

3  functioning with deficits in adaptive functioning initially manifested before age

4  22; (2) a valid IQ score of 60 to 70; and (3) a physical or other mental impairment

5  imposing an additional and significant work-related limitation." *Kennedy v.*

6  *Colvin*, 738 F.3d 1172, 1174 (9th Cir. 2013). An impairment matches a listing if it

7  meets all of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530

8  (1990). Although a claimant bears the burden of proving that he has an impairment

9  or combination of impairments that meets or equals the criteria of a listed

10  impairment, an ALJ must still adequately discuss and evaluate the evidence before

11  concluding that a claimant's impairments fail to meet or equal a listing. *Marcia v.*

12  *Sullivan*, 900 F.2d 172, 186 (9th Cir. 1990). A formal diagnosis of mental

13  retardation is not required to meet Listing 12.05. *Christner v. Astrue*, 498 F.3d

14  790, 794 (8th Cir. 2007); *see also Applestein-Chakiris v. Astrue*, 2009 WL

15  2406358, at *8 (S.D. Cal. Aug. 5, 2009).

16    An additional impairment satisfies the third prong of Listing 12.05(C) if it

17  meets the definition of a "severe" impairment at step two—*i.e.,* "its effect on a

18  claimant's ability to perform basic work activities is more than slight or minimal."

19  *Fanning v. Bowen,* 827 F.2d 631, 633 & n. 3 (9th Cir.1987) (additional severe

20  physical or mental impairment "automatically satisfie[s] the more than slight or

21  minimal effect standard" under Listing 12.05(C)) (citations omitted); *see also* 20

22  C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(A) (for purposes of Listing

23  12.05(C) an additional impairment "significantly limits [claimant's] physical or

24  mental ability to do basic work activities" if it "is a 'severe' impairment [ ], as

25  defined in [20 C.F.R.] §§ 404.1520(c) and 416.920(c)").

26    Here, the ALJ committed legal error in failing to explain how he concluded

27

28

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 7

1  that 12.05C was not met[4] and substantial evidence does not support the ALJ's

2  conclusion that Plaintiff does not meet Listing 12.05C.  The record demonstrates

3  that Plaintiff's overall adaptive skills are below average. (Tr. 43.) He still lives

4  with his parents, he is unable to cook meals, and he cannot manage his money. He

5  needs his mother's assistance to read and complete job applications. He took an

6  auditory test to obtain his license because he could not read and understand the

7  study guide. He also has significant memory problems. He cannot count by 3s.

8  And these deficits in his adaptive skills manifested themselves prior to the age of

9  22.

10       Also, the record indicates that Plaintiff meets the second prong. Plaintiff had

11  verbal IQ scores of 67 (1996), 60 (2002), 70 (2007) and a prorated verbal IQ score

12  of 76 (2010). (Tr. 40, 41, 247, 277). Courts in Ninth Circuit have held that where

13  multiple or conflicting IQ scores are available, the operative score for purposes of

14  determining whether a claimant's impairments meet or equals the 12.05 listing is

15  the lowest, valid verbal, performance, or full scale IQ score that the claimant has

16  received. *See Fanning v. Bowen*, 827 F.2d 631, 633 (9th Cir. 1987) (indicating that

17  where a claimant took IQ tests in both 1982 and 1983, higher scores obtained in

18  1983 did not render lower scores obtained in 1982 invalid for purposes of listing

19  12.05©); *Cauffman v. Astrue*, 2010 WL, at * (W.D. Wash. Nov. 12, 2010); *see*

20  *also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(D)(6)(c) ("In cases where more

21  than one IQ is customarily derived from the test administered, e.g., where verbal,

22  performance, and full scale IQs are provided in the Wechsler series, we use the

23  lowest of these in conjunction with 12.05."). Plaintiff has numerous valid scores

24  that reflect verbal IQ scores between 60 and 70. He meets the second prong of

25  Listing 12.05C, notwithstanding the prorated 2010 score of 76.

26       Finally, the ALJ found that Plaintiff had a severe impairment of back pain,

27

28

[4]The ALJ's discussion does not make sense with respect to Listing 12.05C.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 8

1 | which meets the third prong.

2 |      Remand for further administrative proceedings is appropriate if

3 | enhancement of the record would be useful. *See Harman v. Apfel,* 211 F.3d 1172,

4 | 1178 (9th Cir. 2000). Conversely, where the record has been developed fully and

5 | further administrative proceedings would serve no useful purpose, the district

6 | court should remand for an immediate award of benefits. *Benecke*, 379 F.3d at

7 | 587. As the *Benecke* court instructed: the district court should credit evidence that

8 | was rejected during the administrative process and remand for an immediate award

9 | of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting

10 | the evidence; (2) there are no outstanding issues that must be resolved before a

11 | determination of disability can be made; and (3) it is clear from the record that the

12 | ALJ would be required to find the claimant disabled were such evidence credited.

13 |      Here, as demonstrated above, there are no outstanding issues that must be

14 | resolved before a determination of disability can be made because the record

15 | establishes that Plaintiff meets all of the criteria for disability under section

16 | 12.05C of the listing. Since it is clear from the record that the ALJ would be

17 | required to find Plaintiff disabled if Plaintiff's IQ scores are credited, the proper

18 | remedy is a remand for the payment of benefits.

19 | **VIII.  Conclusion**

20 |      For the reasons stated above, the ALJ's decision is not supported by

21 | substantial evidence and does not reflect application of the proper legal standards.

22 |      Accordingly**, IT IS HEREBY ORDERED:**

23 |     1.  Plaintiff's Motion for Summary Judgment, ECF 22, is **GRANTED**.

24 |     2.  Defendant's Motion for Summary Judgment, ECF No. 26, is **DENIED**.

25 |     3.  The decision of the Commissioner denying benefits is **reversed** and

26 | **remanded** for an immediate award of benefits.

27 | ///

28 | ///

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 9

1    4.   The District Court Executive is directed to enter judgment in favor of

2    Plaintiff and against Defendant.

3        **IT IS SO ORDERED.** The District Court Executive is hereby directed to

4    file this Order and provide copies to counsel, and **close the file**.

5        **DATED** this 18ᵗʰ  day of February, 2014.

6

7             *s/Robert H. Whaley*

8             ROBERT H. WHALEY
             United States District Judge

9

10   Q:\RHW\aCIVIL\2012\Scott (SS)\sj.wpd12

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT** ~ 10